

FILED
JUL 30 2008
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 03-30047-02 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| JOHNNY MANUEL CERVANTES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of conspiracy to distribute and possession with intent to distribute methamphetamine and was sentenced on May 10, 2004, to life imprisonment. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. United States v. Lopez and Cervantes, 414 F.3d 954 (8th Cir. 2005). The mandate issued August 9, 2005.

Defendant has filed a motion, Doc. 183, for a copy of the docket sheet and the discovery documents from his attorney's file. Defendant's criminal case is closed. Therefore, this Court has no jurisdiction to grant the defendant's motion. United States v. Gleason, 753 F.2d 83, 85 (8th Cir. 1985).

Defendant may obtain a copy of the docket sheet by contacting the United States Clerk of Court, 225 South Pierre Street #405, Pierre, South Dakota 57501.

Trial counsel was retained by the defendant and this court has no control over trial counsel's action or inaction once the case is closed. Pursuant to Rule 6 of the Rules Governing § 2255 Proceedings, a petitioner may invoke the discovery process with leave of Court to obtain documents from the government. However, there is no § 2255 proceeding pending.

Defendant's motion sets forth that he needs documents in order to prepare for filing a motion to vacate pursuant to 28 U.S.C. § 2255. The time for filing a petition for a writ of certiorari expired November 7, 2005, Sup. Ct. R. 13.1, and the conviction thus became final on

that date for the purposes of calculating the one year period of limitations set forth in 28 U.S.C. § 2255(f)(1). Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Unless the defendant can set forth facts entitling him to take advantage of a later filing date, any motion to vacate would be untimely.

Now, therefore,

IT IS ORDERED that the motion, Doc. 183, for copies is denied.

Dated this 30th day of July, 2008.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara Wapple
DEPUTY
(SEAL)

2