UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



```
******************************************************************
                                  *
UNITED STATES OF AMERICA          *     CR 03-30047-02
                                  *
         Plaintiff,               *
                                  *
     -vs-                         *     OPINION AND ORDER
                                  *
JOHNNY MANUEL CERVANTES,          *
                                  *
         Defendant.               *
                                  *
******************************************************************
```

  Defendant was convicted of conspiracy to distribute and possession with intent to distribute methamphetamine and was sentenced on May 10, 2004, to life imprisonment. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. United States v. Lopez and Cervantes, 414 F.3d 954 (8th Cir. 2005). The mandate issued August 9, 2005.

  Defendant filed a motion for copies of documents from his criminal case, contending that he needed such documents in order to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied, in part, because the time for filing a motion to vacate had expired. I advised the defendant that, unless he can set forth facts entitling him to take advantage of a later filing date, any motion to vacate would be untimely.

  Defendant has now filed a motion to vacate pursuant to 28 U.S.C. § 2255, contending that his inability to obtain copies of documents from his attorney warrants equitably tolling his filing deadline. The Eighth Circuit held in United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005), that the doctrine of equitable tolling applies in federal § 2255 proceedings. Because the Eighth Circuit characterizes § 2255 motions as "the statutory analogue of habeas corpus for persons in federal custody," it is appropriate to consider cases involving equitable tolling of the § 2254 filing deadline. Id. at 1093.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (*quoting* Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006), (*quoting* in turn Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed. 2d 669 (2005))). "Equitable tolling is 'an exceedingly narrow window of relief.'" Riddle v. Kemna, 523 F.3d at 857 (*quoting* Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

"Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Id.* The Eighth Circuit does recognize that "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" United States v. Martin, 408 F.3d at 1093 (*quoting* Beery v. Ault, 312 F.3d 948, 952 (8th Cir. 2002)). Defendant contends that his attorney failed and refused to send him copies of the discovery from his criminal case or copies of appellate briefs, thus preventing him from timely filing a motion to vacate. Defendant has not alleged facts showing that he is entitled to equitable tolling based upon his attorney's inaction.

Martin involved an attorney who consistently mislead the defendant into believing that there was no filing deadline and that he had eventually timely filed when he did not. Martin's attorney "completely failed to communicate with his client." United States v. Martin, 408 F.3d at 1095. Such conduct entitled Martin to equitable tolling of the filing deadline.

It is important to keep in mind that the defendant in Martin specifically asked his attorney to file a motion to vacate and the attorney agreed to do so. In Martin, the Eighth Circuit discussed two cases from other circuits wherein attorney misconduct warranted equitable tolling. In Baldayaque v. United States, 338 F.3d 145, 152 (2nd Cir. 2003), defendant's wife specifically asked his attorney to file a motion to vacate and the attorney thereafter engaged in misconduct as to the filing date and communications with the defendant and his wife. In Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003), the defendant's mother hired an attorney who failed to respond to inquiries as to the status of the defendant's habeas petition. Mr. Cervantes does not claim that he hired his trial counsel to pursue a motion to vacate and specifically sets forth in his memorandum that trial counsel had refused to assist him because defendant or his family did not pay the

lawyer's bill. *See* Beery v. Ault, 312 F.3d 948, 952 (8th Cir. 2002) (equitable tolling is not applicable where defendant knew counsel had not filed a postconviction relief application).

Defendant and his family chose the lawyer from the State of Washington. There is no showing that the defendant's family made any efforts to convince the attorney to provide documents. Defendant's lawyer submitted a request for discovery to the government in accordance with Fed. R. Crim. P. 16 and the scheduling order. In accordance with the open files policy of the United States Attorney in South Dakota, the lawyer was given a chance to obtain all the "discovery material" in the government's file on the condition that the lawyer agree to not allow his client to have access to the paperwork. Defendant's lawyer would not stipulate and thus would not have looked at any Jencks Act material until the Friday before trial. There is no showing that defendant's attorney ever had any discovery material. Defendant and his attorney decided what trial tactics to employ.

Equitable tolling is only applicable where the defendant "has demonstrated diligence in pursuing the matter." United States v. Martin, 408 F.3d at 1095. Defendant has not set forth any impediment that would have prevented him from timely filing a motion to vacate his conviction and sentence. He was free to do so at any time after final judgment was entered and before the one-year statute of limitations period had expired. E.J.R.E. v. United States, 453 F.3d 1094 1098 (8th Cir. 2006).

Defendant contends that the prison lost his "documents" and he was unable to obtain them from his attorney, thus preventing him from timely filing. Delays in obtaining documentary evidence to support a motion to vacate do not entitle the defendant to an extension of the limitations period. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). While defendant may desire to have copies of certain discovery documents or briefs, possession of those documents is not a prerequisite to filing a motion to vacate. *Id.* Defendant could have filed a motion to vacate and then seek leave of court to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* Gassler v. Bruton, 255 F.3d at 495. *See also*, Jihad v. Hvass, 267 F.3d 803, 806-807 (8th Cir. 2001) ("lack of a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and

therefore does not warrant equitable tolling"). No extraordinary circumstances beyond defendant's control have been alleged which would equitably toll the filing deadline.

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied as untimely.

Dated this 11th day of September, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                 DEPUTY
(SEAL)