

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR 03-30047-02 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| JOHNNY MANUEL CERVANTES, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and that motion was denied as untimely on September 11, 2008. Defendant has now filed a motion, Doc. 192, for an extension of time to file a certificate of appealability. Defendant has shown good cause.

A motion to vacate "under § 2255 is a further step in the movant's criminal case and not a separate civil action." *See* Advisory Committee Notes to the 1976 Adoption of Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Nonetheless, the civil rule set forth in Fed. R. App. P. 4 governs the time to appeal an order denying a motion to vacate. *See* Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts and the Advisory Committee Notes thereto. Pursuant to Fed. R. App. P. 4(a)(1)(B), the time for filing a notice of appeal from an order denying a motion to vacate is 60 days. That time may be extended not more than 30 days beyond the date the appeal was originally due or ten days after the order granting the extension is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C).

Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22, defendant may not appeal from an order denying a motion to vacate unless either the district court or the Court of Appeals issues a certificate of appealability. If an appeal is filed but no request is made for the issuance of a certificate of appealability, the Eighth Circuit has directed the district courts to treat the notice of

appeal as an application for such certificate. Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). Defendant's request is thus mis-captioned. He must timely file a notice of appeal and, in addition, he must obtain a certificate of appealablity from the district court or, if the district court denies the certificate, he must then request the Court of Appeals to issue the certificate. I will treat his motion as a motion to extend the time for filing a notice of appeal.

The appeal in this case was due November 10, 2008. However, the motion for an extension was filed within 30 days of the expiration of that time as required by Rule 4(a)(5)(A). Pursuant to Fed. R. App. P. 4(a)(5)(C), no extension could be granted in this case beyond December 12, 2008.

Good cause appearing,

IT IS ORDERED that the defendant's motion, Doc. 192, is granted in part. The time for filing a notice of appeal and requesting a certificate of appealability is extended to December 12, 2008

Dated this 2nd day of December, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)